██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYNTHIA DiMARCO, Appellant.—Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed, in accordance with the following memorandum: Defendant entered a plea of guilty to a Superior Court information charging criminal possession of a controlled substance in the fifth degree. She agreed to cooperate in the investigation of drug charges against, among others, her live-in boyfriend, Joseph Piccirillo, in exchange for the District Attorney's agreement to make the details of her cooperation known to the sentencing court. Although County Court made no sentencing promise, the Judge told defendant to cooperate with defense counsel and with the prosecutor because "those are the people I'm going to listen to". The court did not impose the condition that defendant maintain no contact with Piccirillo as a condition for sentencing consideration.

Defendant testified before the Grand Jury, which returned a multi-count indictment against Piccirillo. The grand jurors commended defendant for her candid and helpful testimony. Defendant also testified against Piccirillo at his trial, which culminated in his conviction on multiple counts of conspiracy, drug possession, and sale. Despite evidence of defendant's cooperation, County Court sentenced her to a one-year definite sentence after she revealed that she continued to see Piccirillo, who was free on bail pending appeal of his convictions. County Court stated that the sentence was "the cost of love".

Under the circumstances, the sentence was unduly harsh. Defendant complied with all the conditions imposed upon her in exchange for her plea. Maintaining no contact with Piccirillo was not a condition for sentencing consideration. Moreover, although defendant admitted that she still saw Piccirillo, she maintained that she no longer lived with him, that there were no drugs in her home, that they never talked about drugs, that she was drug-free since the raid on her apartment in October 1989, and that, as far as she could tell, Piccirillo was also drug-free.

Other circumstances support the modification of defendant's sentence. Defendant has no criminal record and has custody of her 15-year-old daughter. We, therefore, choose to exercise our

discretion to modify the sentence to one of probation for five years. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.